UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:19-cv-23332

IAN RUOS, FABIAN RUIZ, and
all others similarly situated under
29 U.S.C. §216(b),

    Plaintiff,

vs.

SMOKERS GOODS TOBACCO SHOP, LLC,
d/b/a SMOKERS GOODS,
SMOKERS GOODS TOBACCO SHOP #2, LLC,
d/b/a SMOKERS GOODS,
ARTURO POSADA JR., individually, and
MARIA A. POSADA, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiffs Ian Ruos ("Ruos") and Fabian Ruiz ("Ruiz") (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated under 29 U.S.C. §216(b), hereby sue Smokers Goods Tobacco Shop, LLC d/b/a Smokers Goods ("Smokers Goods 1"), Smokers Goods Tobacco Shop, LLC d/b/a Smokers Goods ("Smokers Goods 2") (collectively, the "Corporate Defendants"), Arturo Posada Jr ("Arturo") and Maria A. Posada ("Maria") (collectively "Defendants"), and allege as follows:

### Introduction

1.    This is an action for retaliation and unpaid overtime wages under to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA").

2. Plaintiffs seek damages within this court's jurisdictional requirements, reasonable attorneys' fees and costs, and all other remedies allowable by law.

3. The overtime counts are brought as a collective action pursuant to 29 U.S.C. §216(b).

4. Upon information and belief, Defendants have failed to compensate similarly situated employees in accordance with the FLSA by depriving them of the FLSA's required overtime premium.

## Parties, Jurisdiction and Venue

5. Ruos has, at all relevant times, resided in Miami-Dade County, Florida.

6. Ruiz has, at all relevant times, resided in Miami-Dade County, Florida.

7. Smokers Goods 1 is a Florida limited liability corporation with its principal place of business in Miami-Dade County, Florida.

8. Smokers Goods 2 is a Florida limited liability corporation with its principal place of business in Miami-Dade County, Florida.

9. Arturo is over the age of eighteen and is otherwise *sui juris*.

10. Maria is over the age of eighteen and is otherwise *sui juris*.

11. At all times material, Arturo was and is an owner and operator of the Corporate Defendants.

12. At all times material, Maria was and is an owner and operator of the Corporate Defendants.

13. During the relevant period, Plaintiffs were jointly employed by Defendants in Miami-Dade County, Florida.

PERERA BARNHART, P.A.
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

14. Venue is proper in this Court because Defendants transact business in this District, Defendants maintain a principal place of business in this District, Defendants employed Plaintiffs in this District, and the claims arose within this Circuit.

A. **Defendants' Business And Interstate Commerce**

15. Defendants operate two smoke shops and did so during the relevant period.

16. Defendants claim that they are "the first CBD Dispensary in Miami, FL."

17. Upon information and belief, Smokers Goods 1's annual volume of sales or business exceeded $500,000 annually for every relevant year.

18. Upon information and belief, Smokers Goods 2's annual volume of sales or business exceeded $500,000 annually for every relevant year.

19. Nevertheless, the Corporate Defendants are a single enterprise under the FLSA.

20. The Corporate Defendants shared employees during the relevant period.

21. The Corporate Defendants have common ownership.

22. Arturo is the registered agent for both entities.

23. Both stores are approximately six (6) miles apart.

24. Smokers Goods 1 owns and operates the smoke shop located at 9891 SW 72nd Street, Miami, FL 33173.

25. Smokers Goods 2 owns and operates the smoke shop located at 14750 SW 56th Street, Miami, FL 33185.

26. The Corporate Defendants shared goods during the relevant period.

27. The Corporate Defendants both did business under the same name (Smokers Goods) during the relevant period.

28. The Corporate Defendants used the same logo during the relevant period.

PERERA BARNHART, P.A.
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

29.     The Corporate Defendants shared the same social media accounts during the relevant period.

30.     At all relevant times, Defendants employed two or more employees, including Plaintiffs, that customarily, continually, and regularly handled goods and materials that i) were purchased from a person or entity outside the state of Florida and/or ii) were purchased in Florida but had previously traveled through interstate commerce.

31.     Upon information and belief, Defendants obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, used electronic means to market and run their business in a way that was not limited to Florida, and otherwise regularly engaged in interstate commerce during the relevant period.

32.     Defendants, upon information and belief, accept credit card payments, wire transfers, and other forms of payments that are made or processed outside the state of Florida.

33.     Defendants are employers engaged in interstate commerce and subject to the FLSA.

   B.   **Plaintiffs' Employment And Defendants' Operational Control.**

34.     Ruos began working for Defendants in or around October 2018.

35.     Ruos was hired by Arturo.

36.     Ruos was fired by Defendants on July 18, 2019.

37.     Ruos was fired by Arturo.

38.     Ruiz became employed by Defendants in or around December 2017.

39.     Ruiz was hired by Arturo.

40.     Ruiz ceased working for Defendants on or around February 3, 2019.

41. Arturo and Maria controlled the Corporate Entities' purse strings during the relevant period.

42. Arturo and Maria were responsible for ensuring that Plaintiffs and all other employees were properly compensated.

43. Arturo and Maria had supervisory authority over Plaintiffs.

C. **Defendants' Failure To Pay Plaintiffs In Accordance With The FLSA**

44. Ruos was an hourly employee while employed by Smokers Goods.

45. Ruos' hourly rate of pay was approximately $17.00 per hour during the relevant period.

46. Ruos customarily and regularly worked over 40 hours a week throughout his employment with Smokers Goods.

47. Ruiz was generally paid on an hourly basis while employed by Smokers Goods.

48. Ruiz customarily and regularly worked over 40 hours a week throughout his employment with Smokers Goods.

49. Ruos inquired about overtime compensation early on in his employment with Smokers Goods.

50. Arturo advised Ruos that Defendants do not pay overtime wages.

51. Smokers Goods did not pay any employee an overtime premium for any overtime hours worked during the relevant period.

52. Defendants' pattern and practice of depriving workers of overtime compensation required by the FLSA extended to all Smokers Goods employees (the "Overtime Siphoning Scheme").

53. As a result, Plaintiffs bring their overtime claims on behalf of themselves and all other Smokers Goods employees subject to the Overtime Siphoning Scheme.

D. **Defendants' Unlawful Retaliation Under The FLSA**

54. Plaintiffs took issue with the Overtime Siphoning Scheme.

55. Defendants flagrant refusal to cure the Overtime Siphoning Scheme led Plaintiffs to the Department of Labor ("DOL").

56. Plaintiffs engaged in protected activity under the FLSA when he complained about the Overtime Siphoning Scheme to the DOL.

57. On or around July 18, 2019, the DOL advised Ruos that it would be sending correspondence to Defendants indicating that the DOL would be conducting an audit into their payment practices.

58. Upon information and belief, the DOL sent an e-mail to Smokers Goods immediately thereafter.

59. Within minutes of the DOL's forewarning to Ruos about the audit e-mail, Arturo confronted Ruos about whether Ruos had complained about unpaid overtime to the DOL.

60. Ruos candidly admitted to filing a complaint about Defendants to the DOL.

61. An incredulous Arturo thereafter snatched Ruos' work keys and fired him on the spot.

62. Maria yanked Ruos by grabbing the hoodie on a Company issued garment.

63. Ruos was forcefully carried out of the store and slammed on the sidewalk.

## COUNT I

### OVERTIME VIOLATIONS BY SMOKERS GOODS UNDER THE FAIR LABOR STANDARDS ACT AS TO PLAINITFFS AND ALL OTHER SIMILARLY SITUATED EMPLOYEES

64. Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1 through 53 above as if fully set forth herein.

65. Upon information and belief, Smokers Goods' annual volume of sales or business exceeded $500,000 during each calendar year of the relevant period.

66. As part of its business, Smokers Goods purchased goods and materials that traveled through interstate commerce during the relevant period.

67. During the relevant period, Smokers Goods obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engaged in interstate commerce.

68. During the relevant period, Smokers Goods, upon information and belief, accepted credit card payments, wire transfers, and other forms of payments that were made or processed outside the state of Florida.

69. During the relevant period, Smokers Goods was an employer engaged in interstate commerce and subject to the FLSA.

70. During their employment with Smokers Goods, Plaintiffs worked overtime hours.

71. Smokers Goods, however, never compensated Plaintiffs for any overtime hours worked.

72. Plaintiffs are owed overtime back pay.

PERERA BARNHART, P.A.
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

73. In addition, Smokers Goods is liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of its intentional and willful violation of the FLSA.

74. Other Smokers Goods were also deprived of overtime compensation at a rate of time-and-a-half their regularly rate of pay as required by the FLSA.

75. Plaintiffs and all other Smokers Goods employees were subject to the same Overtime Siphoning Scheme.

**WHEREFORE,** Plaintiffs respectfully requests that the Court:

a. Enter judgment for Plaintiffs against Smokers Goods under the FLSA;

b. Award Plaintiffs actual damages for the unpaid wages;

c. Award Plaintiffs liquidated damages;

d. Award Plaintiffs their attorneys' fees and costs;

e. Award Plaintiffs all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## COUNT II

### OVERTIME VIOLATIONS AGAINST ARTURO UNDER THE FAIR LABOR STANDARDS ACT AS TO PLAINTIFFS AND ALL OTHERS SIMILARLY SITUATED

76. Plaintiff re-allege and incorporate by reference the allegations in paragraphs 1 through 53 above as if fully set forth herein.

77. During some or all of the relevant period, Arturo was an owner, corporate officer, and operator of Smokers Goods

78. During some or all of the relevant period, Arturo operated the day-to-day activities of Smokers Goods, had supervisory authority over Plaintiffs and all other similarly

situated employees, and was partially or totally responsible for paying Plaintiffs and all other similarly situated employees.

79. Arturo was Plaintiffs' employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203 during the relevant period.

80. Plaintiffs are owed unpaid overtime compensation pursuant to the FLSA.

81. Other similarly situated employees of Defendants were also deprived overtime compensation at a rate of time-and-a-half their regularly rate of pay as required by the FLSA.

82. Arturo is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA.

**WHEREFORE,** Plaintiffs respectfully request that the Court:

a.   Enter judgment against Arturo under the FLSA;

b.   Award Plaintiffs actual damages for the unpaid wages;

c.   Award Plaintiffs liquidated damages;

d.   Award Plaintiffs attorneys' fees and costs;

e.   Award Plaintiffs all recoverable interest; and

f.   Award any other relief this Honorable Court deems just and proper.

## COUNT III

### OVERTIME VIOLATIONS AGAINST MARIA UNDER THE FAIR LABOR STANDARDS ACT AS TO PLAINTIFFS AND ALL OTHERS SIMILARLY SITUATED

83. Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1 through 53 above as if fully set forth herein.

84. During some or all of the relevant period, Maria was an owner, corporate officer, and operator of Smokers Goods

85. During some or all of the relevant period, Maria operated the day-to-day activities of Smokers Goods, had supervisory authority over Plaintiffs and all other similarly situated employees, and was partially or totally responsible for paying Plaintiffs and all other similarly situated employees.

86. Maria was Plaintiffs' employer, joint employer, or co-employer for purposes of the FLSA as the term employer is defined by 29 U.S.C. § 203 during the relevant period.

87. Plaintiffs are owed unpaid overtime compensation pursuant to the FLSA.

88. Other similarly situated employees of Defendants were also deprived overtime compensation at a rate of time-and-a-half their regularly rate of pay as required by the FLSA.

89. Maria is also jointly and severally liable for double the overtime amounts owed as liquidated damages under the FLSA as a result of his intentional and willful violation of the FLSA.

**WHEREFORE,** Plaintiffs respectfully requests that the Court:

a. Enter judgment against Maria under the FLSA;

b. Award Plaintiffs actual damages for the unpaid wages;

c. Award Plaintiffs liquidated damages;

d. Award Plaintiffs attorneys' fees and costs;

e. Award Plaintiffs all recoverable interest; and

f. Award any other relief this Honorable Court deems just and proper.

## COUNT IV

### RETALIATION BY SMOKERS GOODS UNDER THE FAIR LABOR STANDARDS ACT AS TO RUOS

90. Ruos re-alleges and incorporates by reference the allegations in paragraphs 1 through 63 above as if fully set forth herein.

91. Ruos engaged in protected activity under the FLSA when he complained about unpaid overtime wages to Arturo and filed a complaint with the DOL.

92. Smokers Goods retaliated against Ruos because of his protected activity by immediately terminating Ruos' employment, intimidating Ruos, and physically harming Ruos.

93. Smokers Goods' retaliatory conduct is intended to chill Ruos' willingness to continue to enforce his rights under the FLSA.

94. Reasonable workers would naturally be dissuaded from continuing to support an FLSA claim when faced with the retaliatory conduct Defendants have engaged in.

95. Ruos has suffered mental and emotional distress because of Defendants' retaliatory conduct.

**WHEREFORE,** Ruos respectfully requests that the Court:

a. Enter judgment for Ruos against Smokers Goods under the FLSA;

b. Award Ruos actual damages for the unpaid wages;

c. Award Ruos liquidated damages;

d. Award Ruos compensatory damages for mental and emotional distress;

e. Award Ruos his attorneys' fees and costs;

f. Award Ruos all recoverable interest; and

g. Award any other relief this Honorable Court deems just and proper.

PERERA BARNHART, P.A.
12555 ORANGE DRIVE · SECOND FLOOR · DAVIE, FLORIDA 33330 · PHONE (786) 485.5232

# COUNT V

## **RETALIATION BY ARTURO UNDER THE FAIR LABOR STANDARDS ACT AS TO RUOS**

96.  Ruos re-alleges and incorporate by reference the allegations in paragraphs 1 through 63 above as if fully set forth herein.

97.  Ruos engaged in protected activity under the FLSA when he complained about unpaid overtime wages to Arturo and filed a complaint with the DOL.

98.  Arturo retaliated against Ruos because of his protected activity by immediately terminating Ruos' employment, intimidating Ruos, and physically harming Ruos.

99.  Arturo's retaliatory conduct is intended to chill Ruos' willingness to continue to enforce his rights under the FLSA.

100.  Reasonable workers would naturally be dissuaded from continuing to support an FLSA claim when faced with the retaliatory conduct Defendants have engaged in.

101.  Ruos has suffered mental and emotional distress because of Defendants' retaliatory conduct.

**WHEREFORE,** Ruos respectfully requests that the Court:

a.  Enter judgment for Ruos against Arturo under the FLSA;

b.  Award Ruos actual damages for the unpaid wages;

c.  Award Ruos liquidated damages;

d.  Award Ruos compensatory damages for mental and emotional distress;

e.  Award Ruos his attorneys' fees and costs;

f.  Award Ruos all recoverable interest; and

g.  Award any other relief this Honorable Court deems just and proper.

## COUNT VI

## <u>RETALIATION BY MARIA UNDER THE FAIR LABOR STANDARDS ACT AS TO RUOS</u>

102. Ruos re-allege and incorporate by reference the allegations in paragraphs 1 through 63 above as if fully set forth herein.

103. Ruos engaged in protected activity under the FLSA when he complained about unpaid overtime wages to Arturo and filed a complaint with the DOL.

104. Maria retaliated against Ruos because of his protected activity by immediately terminating Ruos' employment, intimidating Ruos, and physically harming Ruos.

105. Maria's retaliatory conduct is intended to chill Ruos' willingness to continue to enforce his rights under the FLSA.

106. Reasonable workers would naturally be dissuaded from continuing to support an FLSA claim when faced with the retaliatory conduct Defendants have engaged in.

107. Ruos has suffered mental and emotional distress because of Defendants' retaliatory conduct.

**WHEREFORE,** Ruos respectfully requests that the Court:

a.  Enter judgment for Ruos against Maria under the FLSA;

b.  Award Ruos actual damages for the unpaid wages;

c.  Award Ruos liquidated damages;

d.  Award Ruos compensatory damages for mental and emotional distress;

e.  Award Ruos his attorneys' fees and costs;

f.  Award Ruos all recoverable interest; and

g.  Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL

Plaintiffs hereby request a trial by jury with respect to all claims so triable.

Respectfully submitted,

***/s/ J. Freddy Perera***
J. Freddy Perera, Esq.
Florida Bar No. 93625
freddy@pererabarnhart.com
Valerie Barnhart, Esq.
Florida Bar No. 88549
valerie@pererabarnhart.com
Brody M. Shulman, Esq.
Florida Bar No. 92044
brody@pererabarnhart.com
**PERERA BARNHART, P.A.**
12555 Orange Drive, Suite 268
Davie, Florida 33330
Phone: 786.485.5232
*Attorneys for Plaintiffs*